UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC DELGADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OLDCASTLE INFRASTRUCTURE INC., et al.,<br><br>　　　　Defendants. | No. 2:24-cv-02031-DJC-CKD<br><br><br>ORDER |

     Pending before the Court is Defendant's Motion to Dismiss Plaintiffs' Fourth Amended Complaint.  Plaintiffs allege nine causes of action against Defendant for wage-and-hour violations under the California Labor Code, Unfair Competition Law, and PAGA.  Defendant argues that all the claims should be dismissed for failing to adequately state a cause of action upon which relief can be granted.  Because the Court agrees that the causes of action fail to plausibly state a claim upon which relief can be granted, the Court GRANTS Defendant's Motion with leave to amend.

////

////

////

////

1

## BACKGROUND

Plaintiffs Isaac Delgado and Marcos Gutierrez[1] are California residents who bring a class and representative action against Defendant Oldcastle Infrastructure, Inc., for violations of the California Labor Code and the California Business and Professions Code. (*See generally* Fourth Amended Complaint ("FAC") (ECF No. 24).) Plaintiffs worked for Defendants as non-exempt employees. (*Id.* ¶ 18.) Plaintiffs generally allege that Defendants violated California's Labor Code and Wage Orders of the Industrial Welfare Commission by: (1) failing to provide meal breaks; (2) failing to provide rest periods; (3) failing to pay hourly wages and overtime; (4) failing to pay proper vacation wages; (5) failing to provide accurate written wage statements; (6) failing to timely pay all final wages and (7) failing to indemnify. Plaintiffs also allege that Defendant violated California's Unfair Competition Law because of the predicate Labor Code violations and seek Civil Penalties under the Private Attorneys' General Act.[2]

Plaintiff Delgado first filed suit in the Superior Court of California, County of San Joaquin. (Mot. Dismiss (ECF No. 25) at 4.) A First Amended Complaint was filed to include a PAGA cause of action. (*Id.* at 5.) A Second Amended Complaint was filed to include Plaintiff Ortiz as a named plaintiff. (*Id.*) The action was then removed to federal court by Defendant. (*Id.*) The parties agreed, via stipulation, to allow amendment of the complaint two more times. (*See id.*) Defendant now moves to dismiss Plaintiff's Fourth Amended Complaint, alleging that Plaintiffs have failed to

---

[1] The FAC refers to only two Plaintiffs: Isaac Delgado and Marcos Gutierrez. However, the Docket lists Isaac Delgado and Raymond Ortiz as the Plaintiffs in the instant action. Should the Plaintiffs amend their Complaint, they are advised to clarify who is a party to the action.

[2] Plaintiffs state that the fifth, eighth, and ninth causes of action are derivative of the first four claims. The Court also finds that the sixth cause of action is derivative of the first four claims because failing to be paid "all final wages" at the time of resignation would necessarily include minimum wages and overtime wages for time worked off the clock, and for meal and rest period premiums for short, late, interrupted and/or missed meal and rest periods.

2

adequately plead claims upon which relief may be granted. Plaintiffs oppose the Motion (Opp'n (ECF No. 27),) and Defendant issued a Reply (Reply (ECF No. 28),).

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief [,]" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*").

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *See id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**A. Meal Break, Rest Break, Hourly Wages and Overtime, Vacation Wages Claim**

**1. Legal Standard**

In *Landers v. Quality Commc'ns,* the Ninth Circuit "review[ed] [the plaintiff's] complaint to determine whether the allegations plausibly state[d] a claim that [the

defendant] failed to pay minimum wages and overtime wages, keeping in mind that detailed facts are not required." 771 F.3d 638, 641 (9th Cir. 2014). For a claim alleging a failure to pay overtime under the FLSA, the Ninth Circuit held that "to survive a motion to dismiss, a plaintiff. . . must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644–45 (collecting cases). While recognizing that plausibility is still a context-specific inquiry, the Ninth Circuit explained that a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012)). The Ninth Circuit further explained that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* (collecting cases). However, the Ninth Circuit "decline[d] to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA[]" because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Id.* (citing *Pruell*, 678 F.3d at 15).

Considering the Ninth Circuit's recent unpublished opinion affirming a district court's dismissal of claims for unpaid overtime, unpaid minimum wages, and rest break violations under the California Labor Code in light of *Landers, see Boyack v. Regis Corp.,* 812 F. App'x 428, 430 (9th Cir. 2020), this Court has applied the *Landers* standard to alleged violations of the California Labor Code. *See Benge v. Office Depot, LLC,* No. 2:24-cv-00749-DJC-DB, 2024 WL 3794038, at *3 (E.D. Cal. Aug. 13, 2024) (finding four of plaintiff's causes of actions alleging violations of the California Labor Code deficient in light of *Landers*).

////

### 2. Analysis

### i.  Failure to Pay Hourly Wages and Overtime Claim

The third cause of action alleges failure to pay hourly and overtime wages in violation of California Labor Code §§ 223, 510, 1194, and 1198.  Defendant argues that Plaintiffs' claim fails to meet the requirements of *Landers*.  Plaintiffs argue that their pleadings are sufficient.

Although *Landers* does not require a plaintiff to state with "mathematical precision" the amount of overtime or minimum wage compensation owed by a defendant, it does require providing some "detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Landers,* 771 F.3d at 646.  To state a claim for overtime wages, a plaintiff must sufficiently identify tasks for which they were not paid and plausibly allege that they worked for more than the statutory period without compensation.  *See Tinnin v. Sutter Valley Med. Found.,* 647 F. Supp. 3d 864, 869–70 (E.D. Cal. 2022) (examining FLSA claim to determine whether plaintiff adequately identified tasks and adequately alleged that such tasks pushed plaintiff's workweek beyond 40 hours).

Here, Plaintiffs point to several allegations, including that "Plaintiffs and Class Members had to wait in line, both before the beginning of their shifts and after their completion,"; had "to boot up their computers"; "log into the Defendant's timekeeping system. . .to clock in for the day"; "don and doff their personal protective equipment"; were "required to perform work during unpaid meal periods. . .remain on call and available to respond to phone calls using their personal cell phones during their unpaid meal periods as well as before the beginning of their shifts and after the end of the workday."  (FAC ¶¶ 20–22.)  Plaintiffs also allege that the uncompensated time "caused Plaintiffs and Class Members to work in excess of eight (8), ten (10) and/or twelve (12) hours a day and/or forty (40) hours a week, entitling Plaintiffs and Class Members to minimum and overtime wages, which they were systemically

denied." (*Id.* ¶ 23.)  Lastly, Plaintiffs highlight allegations of "responding to calls from customers and the need to take care of customer orders", and having to "locate forklift operators, and ensure that the products were properly received and sent to the shipping and receiving facilities." (*Id.* ¶ 24.)

The provided allegations indicate the type of work that was performed off-the-clock, and that the Defendants had a "common policy and practice" of engaging in the above listed behavior.  These are fairly concrete examples that lend some plausibility to the claims in the Complaint.  That said, the Court notes that the FAC fails to provide as context the nature of the Defendants business, as Plaintiff primarily alleges that Defendant is "a Washington corporation doing business in California." *See Turner v. LTF Club Management Co., LLC,* No. 2:20-cv-00046-KJM-JDP, 2022 WL 1018498, at *6 (E.D. Cal. Apr. 5, 2022) (finding plaintiff's claims implausible in part because he did not attempt to provide even a general description of the business in which defendants are engaged).

More significantly, however, while Plaintiff identifies that they and other class members worked in excess of the statutory scheduling limits, there are no details about the Plaintiffs' typical work schedule.  *Cf. Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1123 (E.D. Cal. 2022) (plaintiffs stated overtime wage claim by alleging they were uncompensated for COVID-19 screenings and providing their work schedule); *Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 5:20-cv-01699-SB-SP, 2020 WL 8773059, at *5 (C.D. Cal. Dec. 11, 2020) (plaintiff stated overtime wage claim by offering details about his work schedule, his duties performed off the clock, and the frequency and duration of his off-the-clock work).  Further, there are no estimates provided as to the amount of time spent on uncompensated tasks such that the Court could determine that overtime wages are due.  *See, e.g., Edwards v. Costco Wholesale Corp.*, No. 5:21-cv-00716-MWF-KK, 2021 WL 3130043, at *5 (C.D. Cal. July 23, 2021) (dismissing minimum wage claim because plaintiff provided "no context regarding how many minutes or hours Plaintiff allegedly worked off the clock, or how

often it allegedly happened"); see also *Boyack*, 812 F. App'x at 431 (noting that "Appellants failed to allege a single workweek in which Appellees impeded or discouraged Boyack or Leaf from taking rest breaks."). Thus, the Court does not find that there are plausible allegations made describing the overtime violations that occurred and GRANTS the dismissal of the third cause of action with leave to amend.

## ii.  Failure to Provide Meal Periods and Rest Periods Claims

Plaintiffs also bring a failure to provide meal periods claim in violation of California Labor Code §§ 204, 223, 226.7, 512 and 1198, and a failure to provide rest break claim in violation of California Labor Code §§ 204, 223, 226., and 1198. Defendant again argues that Plaintiffs have failed to plausibly allege their meal and rest break claims. Plaintiffs argue that the FAC identifies multiple factual bases and independent theories of liability for each claim.

Here, Plaintiff states that his meal periods were interrupted on a "regular basis" by management and supervisors. Plaintiffs allege that these missed meal and rest periods occurred due to Defendant's failure to schedule such breaks, maintain a relevant written policy, and the excessive workloads requiring Class Members to work during meal and rest periods. (Opp'n at 9.)

The allegations in the FAC indicate the ways in which the meal and/or rest breaks were disrupted and explain how the disruptions interfered with meal breaks. (*See, e.g.,* FAC ¶ 24, 26 "Plaintiffs and Class Members had to process will call items, which were being delivered to Defendants' facilities during their meal periods. . .[w]hen such deliveries were made, Plaintiffs and Class Members had to interrupt their [meal/rest] breaks, locate forklift operators, and ensure that the products were properly received and sent to the shipping and receiving facilities.") However, the Plaintiffs have not included a single, specific instance where one of these violations occurred. *See Benyamin v. Topgolf Payroll Servs., LLC*, No. 2:23-cv-00303-JAM-DB, 2023 WL 4054543, at *3 (E.D. Cal. June 16, 2023) (dismissing meal and rest break claims because plaintiff did not "point to one instance where he worked five or

7

ten hours and was then denied a meal period" and did not provide factual allegations that "he worked more than four hours without receiving a ten-minute break"). Moreover, the Plaintiffs have not adequately stated how frequently such violations for rest breaks took place. *See Benge v. Office Depot,* 2025 WL 373501, No. 2:24-cv-00749-DJC-SCR, at *6 (E.D. Cal. Feb. 3, 2025) (dismissing meal and rest break claims where plaintiff failed to allege the approximate frequency of missed breaks, or to sufficiently plead a single instance in which he was required or pressure to forgo his meal or rest breaks (collecting cases)). Although Plaintiffs need not allege every violation by Defendant, to be consistent with *Landers,* there must be some plausible allegations as to specific instances of denial of meal or rest breaks. *See id.* at *6 (citing *Landers,* 771 F.3d at 645). Thus, the Court GRANTS the Defendant's motion to dismiss the first and second causes of action with leave to amend.

### iii. Failure to Pay Vacation Wages Claim

Next, Defendant argues that Plaintiffs' fourth cause of action for failure to pay vacation wages claim does not allege how Defendant "failed to pay all accrued vacation time, and/or paid time off owed to Plaintiffs and Class Members upon their separation from employment." Plaintiffs point to their allegations that Defendant failed to compensate employees for any accrued vacation time at their regular hourly rate by failing to pay them the vacation wages upon separation of employment. (FAC ¶¶ 90–91.) Plaintiffs argue that nothing further needs to be alleged. (Opp'n at 13.)

The Court finds that this cause of action is similarly insufficiently pled. An employee is entitled to payment for vested vacation time at termination under California Labor Code § 227.3 only when the employment contract specifically provides for the accrual of such time. To state a claim for unpaid vacation wages, a plaintiff must allege that: (1) the employer had a policy or contract to provide vacation, (2) the plaintiff had accrued vacation time pursuant to this policy or contract and had unused vacation time, (3) the plaintiff was not properly compensated for their unused

8

vacation time upon termination, and (4) this failure to compensate for unused vacation time was pursuant to the defendant's general policy. *See Picou v. Tracy Logistics, LLC,* 2025 WL 1248729, at *11 (E.D. Cal. Apr. 30, 2025) (citation omitted); *see also Minnick v. Automotive Creations, Inc.,* 13 Cal.App.5th, 1000, 1007 (2017) ("[W]hen an employee becomes eligible for benefits, he or she is entitled to receive those benefits, and they cannot be taken away."). Here, the Plaintiffs make no allegations that such a vacation policy existed or was implemented. *See, e.g., Brown v. Western First Aid & Society,* No. 2:24-cv-06238-CAS-PD, 2025 WL 417418, at *7 (C.D. Cal. Feb. 6, 2025) (granting dismissal of a failure to pay vacation wages claim where the plaintiff failed to plead the existence of a policy (collecting cases)). Additionally, the fourth cause of action states that "Defendants were required to compensate employees for any accrued vacation time at their regular hourly rate." However, section 227.3 requires payment at the employees' "final rate" not the "regular hourly rate." The FAC includes no allegations that the "final rate of pay" was not provided. *See Picou,* 2025 WL 1248729, at *11 (granting dismissal of a failure to pay vacation wages claim where the FAC included no allegations that the "final rate of pay" was not provided upon separation). Additionally, the Court is unsure if Plaintiffs are still employed such that a separation from the employment occurred. Thus, the Court GRANTS Defendant's motion to dismiss the fourth cause of action with leave to amend.

**B. Failure to Indemnify Claim**

Plaintiffs' seventh cause of action alleges a violation of California Labor Code § 2802 for a failure to indemnify. Under section 2802, an employer is required to indemnify employees for necessary expenditures that directly result from the employee carrying out the duties of employment. Cal. Lab. Code § 2802. To state a claim for failure to reimburse expenditures, a plaintiff must allege: "(1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were

9

necessary." *Gallano v. Burlington Coat Factory of Cal.*, 67 Cal. App. 5th 953, 960 (2021). "[W]hen employees must use their personal cell phones for work related calls, [California] Labor Code section 2802 requires the employer to reimburse them." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1078 (9th Cir. 2020) (quoting *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1140 (2014)); *see also id*. ("If the use of the personal cell phone is mandatory, then reimbursement is always required, regardless of whether the employee would have incurred cell phone expenses absent the job.") (citing *Cochran*, 228 Cal. App. 4th at 1144).

Here, Plaintiffs allege that Defendants failed to reimburse them while working from home during the COVID-19 pandemic. Specifically, they allege use of their personal cell phones to complete work tasks, particularly when their radios and company-issued phones did not work properly. (FAC ¶ 113.) Plaintiffs also allege that they incurred expenses for home internet use, work technology, and utilities for home workspaces (gas, water, electricity, and rent). (*Id.*) Lastly, Plaintiffs state that Defendants required Plaintiffs to use their cell phones to communicate with colleagues and supervisors regarding work-related activities. (*Id.*) However, these allegations fail to allege an instance where a claimed violation actually occurred. *Perez v. DNC Parks & Resorts at Asilomar, Inc.*, No. 1:19-cv-00484-DAD-SAB, 2019 WL 5618169, at *10 (E.D. Cal. Oct. 31, 2019) (dismissing the plaintiff's claim for unreimbursed cell phone expenditures where the plaintiff did "not allege facts in his complaint identifying a single specific cost that was not reimbursed"); *Wright v. Frontier Mgmt. LLC*, No. 2:19-cv-01767-JAM-CKD, 2021 WL 2210739, at *4 (E.D. Cal. June 1, 2021) (dismissing the plaintiff's claim for failure to reimburse expenses where the plaintiffs had "fail[ed] to allege any specific instances in which an employee was required to use his or her personal cell phone for work-related purposes" and did "not specify whether they incurred any actual expenses related to the use of their cell phones []"). Thus, the Court does not find that the current allegations are plausible and GRANTS Defendant's motion to dismiss the seventh cause of action with leave to

amend.[3]

**C. Leave to Amend**

Requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted)). When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of the *Foman* factors, prejudice to the opposing party carries the most weight. *Id.* (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)).

However, when the district court has already afforded a plaintiff an opportunity to amend the complaint, it has "wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed." *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (citations omitted). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citation omitted). In particular, a district court has been affirmed for denying leave to amend after only two opportunities to amend as "'only upon gross abuse will [its] rulings be disturbed.'" *Rich*, 823 F.3d at 1209; *see also id.* ("Rich has already been afforded two opportunities to amend and is unable to show that the district court's order constitutes 'gross abuse.'" (citation omitted)).

---

[3] Plaintiffs' remaining claims also fail because they are derivative of the above-analyzed causes of action.

11

1    Here, the Court cannot conclude that Plaintiff's causes of action "could not
2 possibly be cured by the allegations of other facts."  Although the Plaintiffs have
3 submitted Four Amended Complaints, this Court has not yet granted leave to amend.
4 However, the Court informs Plaintiffs that further amendment will not be granted
5 without good cause if there is a failure to cure the previous deficiencies.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 25).  Plaintiffs are GRANTED leave to amend.  Plaintiffs have 21 days from the docketing of this Order to file a Fifth Amended Complaint.  Defendants will have 21 days after the docketing of the Fifth Amended Complaint to file their next responsive pleading.

IT IS SO ORDERED.

Dated:  **July 15, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Delgado24cv02031.mtd_v1

12